<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARLON D. ANDERSON, | |
| **Plaintiff,** | |
| v. | Civil Action No. 15-5462 (ES) |
| JUDGE ANTHONY J. FRASCA, | OPINION |
| **Defendant.** | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court by way of pro se Plaintiff Marlon D. Anderson's filing of the Complaint, (D.E. No. 1), along with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, (D.E. No. 3). Having considered Plaintiff's application to proceed *in forma pauperis*, the Court concludes that Plaintiff has adequately established that his financial condition renders payment of the $400.00 filing fee a hardship.

However, after a court determines that a plaintiff is qualified to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court must then "screen" the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Having thoroughly reviewed Plaintiff's Complaint, the Court dismisses the Complaint because it seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Complaint asserts breach of fiduciary duty based on Plaintiff's allegation that Defendant, Judge Anthony J. Frasca, refused Plaintiff's request to dismiss his case "due to lack of prosecution and lack of evidence." (D.E. No. 1, Complaint ("Compl.") at 2). The Complaint

further alleges that Defendant put Plaintiff "under duress" by "coercing him to go to a trial without a jury of his peers, or he would be arrested." (*Id.*).  As a result of these alleged wrongs, Plaintiff requests compensatory damages, exemplary damages, court costs, and other relief "as this Court may deem appropriate."  (*Id.* at 4).

Courts may dismiss a suit for money damages under 28 U.S.C. § 1915(e)(2)(B) where the defendant is protected by judicial immunity.  *Ball v. Butts*, 445 F. App'x 457, 458 (3d Cir. 2011).  To determine whether the defendant is entitled to judicial immunity, the court must engage in a two part test: "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000).

In determining the first prong, courts will analyze whether an alleged act by the defendant is a function normally performed by a judge, and whether the plaintiff dealt with the judge in his judicial capacity.  *See id. at* 768-69.  Regarding the second prong, "a judge does not act in the clear absence of all jurisdiction when the judge enters an order at least colorably within the jurisdiction of her court."  *Id.* at 771.

Here, it is clear that Defendant's actions as alleged in the Complaint relate to functions normally performed by a judge.  For example, Plaintiff alleges that Defendant denied his request to dismiss a case involving Plaintiff.  (Compl. at 2-3).  And further, while Defendant's precise jurisdiction is unclear from the face of the Complaint, Plaintiff alleges that Defendant is a New Jersey Superior Court judge, (Compl. at 1), who was acting under "color of law" in his dealings with Plaintiff, (Compl. at 3).  These allegations are sufficient to show that Defendant acted within

2

a judge's judicial capacity and "at least colorably within the jurisdiction of [his] court."  *Gallas*,

211 F.3d at 771.  Therefore, the Court concludes that Defendant is entitled to judicial immunity.

Because Defendant is entitled to judicial immunity, the Court further finds that amendment

of Plaintiff's complaint would be futile.  Accordingly, the Court dismisses Plaintiff's Complaint

with prejudice.  An appropriate Order follows.

s/*Esther Salas*
**Esther Salas, U.S.D.J.**